IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ROGER JOHNSON**                                                                                   **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 1:18-CV-222-HSO-JCG**

**M.D.O.C. CONTRACT MONITOR et al.**                              **DEFENDANTS**

## REPORT AND RECOMMENDATION

BEFORE THE COURT are the following motions: A Motion for Summary Judgment based on Failure to Exhaust Administrative Remedies (ECF No. 25) filed by Defendants Jacqueline Banks and Andrew Mills, which is joined by Defendant Ronald Woodall (ECF No. 29), and a Motion to Dismiss or in the Alternative Revoke Plaintiff's IFP Status (ECF No. 28) filed by Woodall. Having considered the submissions of the parties, the record, and relevant legal authority, the undersigned United States Magistrate Judge recommends that the Motion for Summary Judgment (ECF No. 25) be granted and the Motion to Dismiss (ECF No. 28) be denied.

## I. BACKGROUND

Plaintiff Roger Johnson, who is currently incarcerated at the East Mississippi Correctional Facility (EMCF) in Meridian, Mississippi, filed suit while at the South Mississippi Correctional Institution (SMCI) in Leakesville, Mississippi. Despite having three strikes, the Court granted his Motion for Leave to Proceed *in forma pauperis*, as (1) he asserted that he was in imminent danger and (2) there was not sufficient information in the record to conclude that he did not qualify for the

imminent danger exception (ECF No. 6). Therefore, he is proceeding *pro se* and *in forma pauperis* and is suing John Doe, Mississippi Department of Corrections (MDOC) Contract Monitor; John Doe, Supervisor for Centurion Medical Staff; Jacqueline Banks; John Doe, Contract Monitor at SMCI; Ronald Woodall, Medical Doctor at SMCI; and Andrew Mills. Although the Court sought more information from Johnson about the John Doe Defendants (ECF No. 7), he has not provided sufficient information to identify them (ECF No. 8). He was advised that process would not be issued until he filed a motion requesting process that contains both a name and an address for the unidentified Defendants (ECF No. 10). Therefore, only Banks, Woodall, and Mills have appeared in this suit.

Johnson alleges that while housed at SMCI, he was denied treatment for his medical conditions.[1] He alleges that he suffers from post-traumatic stress disorder, bipolar disorder, and schizophrenia and needs mental health treatment that SMCI cannot or will not provide. He also alleges that his mental illness exacerbates his chronic asthma, which in turn causes chest pains, and that he does not receive inhalers frequently enough or is refused breathing treatments. Finally, he alleges that he is allergic to the state provided soap and is supposed to get special soap from medical as frequently as once a week. However, he asserts that he only receives one bar every three months, and his lack of soap has caused his skin to break out. He alleges he was in imminent danger at the time of filing because he

---

[1] Johnson also alleges that he did not receive treatment while at the Central Mississippi Correctional Facility (CMCF) in Pearl, Mississippi. However, Johnson has not named any defendants from CMCF and his claims focus on his treatment or lack thereof while at SMCI.

was having chest pains, his asthma pump was out, he could not get answers to his sick calls, and his mental illnesses caused him to become violently aggressive. He seeks $50,000.00 for pain and suffering, punitive damages, and he asks to be moved to EMCF to receive proper treatment.

On February 14, 2019, Banks and Mills filed a Motion for Summary Judgment Based on Failure to Exhaust Administrative Remedies (ECF No. 25). They argue that although Johnson filed a grievance concerning his mental illness, chest pains, and asthma on May 2, 2018, he filed suit before completing the Administrative Remedy Program; therefore, he failed to properly exhaust his administrative remedies for these issues. Woodall has joined in this Motion (ECF No. 29), but he also filed a Motion to Dismiss or in the Alternative Revoke Plaintiff's IFP Status (ECF No. 28), arguing that Johnson's allegations do not constitute imminent harm such that Johnson should not be allowed to proceed without paying the required fee.

Johnson filed a Response (ECF No. 30), an Affidavit (ECF No. 31), and a Brief (ECF No. 32) containing his response to both Motions. Although he argues he filed multiple grievances, he offers no evidence of those grievances. He merely states that he filed them sometime between January 2018 and March 2018. However, he does allege that Dr. Woodall interfered with his grievances. Additionally, he argues that he meets the imminent danger requirement because he was having an asthma attack and was being denied breathing treatment when he filed his Complaint.

In Banks and Mills' Reply (ECF No. 33) concerning exhaustion, they provide

a sworn affidavit (ECF No. 33-1) from Joseph Cooley, the ARP Investigator at SMCI, which states that Johnson only filed one grievance between January and March of 2018. This grievance concerns Johnson's request for special soap, and Johnson fully exhausted the ARP process on this issue. Therefore, because Johnson failed to exhaust his other claims before filing suit, they argue that they should be granted summary judgment on Johnson's claims concerning mental health and asthma treatment. Woodall filed a Reply (ECF No. 34) concerning Johnson's claims of imminent danger, arguing that he has not met the imminent danger standard and his allegations are purely speculative. Johnson then filed a sur-reply (ECF No. 35), in which he again states he was suffering from an asthma attack at the time he filed his Complaint.

## II. DISCUSSION

A. Exhaustion

   1. Legal Standard

Summary judgment is mandated "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When evaluating a motion for summary judgment, the Court must construe "all facts and

inferences in the light most favorable to the non-moving party." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012) (quoting *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010)).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)). If the movant carries this burden, the burden shifts to the non-moving party to show that summary judgment should not be granted. *Id.* at 324. "The non-movant must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial to avoid summary judgment." *Abarca v. Metro Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005) (citing *Celotex Corp.*, 477 U.S. at 324). In the absence of any proof, the Court will not assume that the Plaintiff "could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

Because Johnson is a prisoner pursuing a civil action seeking redress from government employees, the Prison Litigation Reform Act (PLRA) applies and requires that this case be screened. The PLRA provides that "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from

such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B). Accordingly, the statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

The PLRA also requires prisoners to exhaust available administrative remedies before filing a lawsuit. 42 U.S.C. § 1997e(a). This exhaustion requirement protects administrative agency authority, promotes efficiency, and produces "a useful record for subsequent judicial consideration." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). A prisoner's failure to exhaust available administrative remedies undermines these purposes.

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules. A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction . . . .

*Id.* at 95. Dismissal is mandatory where a prisoner fails to properly exhaust available administrative remedies before filing suit in federal court. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) (quoting *Woodford*, 548 U.S. at 85).

2. <u>Analysis</u>

Johnson's Complaint, although dated May 29, 2018, was filed with this Court on June 27, 2018. He filed SMCI-18-0564 (ECF No. 25-1) on May 2, 2018, alleging

6

that he had not received treatment for his mental illness or his asthma attacks. Woodall completed the first step response on June 19, 2018, indicating that Johnson had received several medications and was followed in the mental health clinic. According to Cooley's Affidavit, Johnson did not appeal to the second step until July 30, 2018, which is well after Johnson filed his Complaint.

The MDOC utilizes a two-step ARP process. *Yankton v. Epps*, 652 Fed. App'x 242, 245 (5th Cir. 2016). Exhaustion requires "tak[ing] complete advantage of" the grievance process. *See Hemphill v. Inglese*, 359 Fed. App'x 537, 540 (5th Cir. 2010). Additionally, exhaustion must occur before filing suit. *Gonzales*, 702 F.3d at 788. Because Johnson filed his Complaint prior to completing the MDOC's two step process, he did not exhaust his claims regarding his mental health treatment or his asthma and breathing treatments. The Defendants concede that he did exhaust his claim for specially issued soap.

However, Johnson contends that he filed other grievances and that Woodall interfered with his grievances. His argument concerning Woodall's interference centers around the fact that Woodall responded to the grievance that he did not complete before filing suit (ECF No. 30 at 7). This allegation does not amount to an unavailable administrative remedy process. *See Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2016) (A remedy is unavailable when "it operates as a simple dead end— with officers unable or consistently unwilling to provide any relief to aggrieved inmateas," the scheme is "so opaque that it becomes, practically speaking, incapable of use," or "prison administrators thwart inmates from taking advantage of a

grievance process through machination, misrepresentation, or intimidation."). Further, Johnson offers no evidence of these other grievances, other than stating they were filed between January and March 2018. He has offered no evidence to contradict Cooley's sworn affidavit that the only grievance he filed in those months concerned his soap. Therefore, he has not shown "specific facts indicating a genuine issue for trial." *Abarca*, 404 F.3d at 940 (citing *Celotex Corp.*, 477 U.S. at 324). Because Johnson did not properly exhaust his administrative remedies concerning his mental illness or asthma treatment, the Court recommends that the Defendants' Motion for Summary Judgment Based on Failure to Exhaust Administrative Remedies (ECF No. 25) be granted.

  B. Imminent Danger

Johnson has one remaining claim concerning the withholding of medically prescribed soap. However, Woodall has filed a Motion to Dismiss Johnson's case in its entirety or otherwise require Johnson to pay the filing fee (ECF No. 28). Therefore, the Court must determine whether to revoke Johnson's IFP status before this case can proceed on his soap related claim.

    1. Legal Standard

Courts "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor," provided that the individual submits an affidavit that he or she is unable to pay such fees. 28 U.S.C. § 1915(a). However, prisoners may not:

> bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or

8

> more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The imminent harm provision requires danger of impending harm at the time of filing. *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002) (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001)). Other courts have held that a defendant challenging a prisoner's IFP status has the burden of producing sufficient evidence to show that the prisoner is barred from proceeding IFP. *Andrews v. King*, 398 F.3d 1113, 1116 (9th Cir. 2005).

   2. Analysis

Woodall relies heavily on a recent decision in another case where Johnson's IFP status was revoked. *See Johnson v. Abangan*, Civil Action No. 3:17-cv-102-DPJ-FKB, 2018 WL 1352275 (S.D. Miss. Mar. 15, 2018). Although Johnson's Complaint in that case also contained allegations concerning his asthma treatment, his arguments in that case primarily centered around the delay in his treatment and the treatment of his collapsed lung. Therefore, the Court concluded that his Complaint concerned "the frequency and timeliness of his medical care." In this case, however, Johnson alleges that he receives no treatment and that he was suffering from an attack at the time of filing his Complaint. Therefore, this case differs from Johnson's earlier case. The evidence presented in Woodall's Motion to Dismiss and subsequent briefing does not sway the Court otherwise at this time, particularly as he failed to address Johnson's allegations that his untreated mental

9

illnesses have caused him to become "violently aggressive" and possibly suicidal. Further, even though Johnson's claims concerning his asthma and mental health treatment should be dismissed for failure to exhaust, he should still be allowed to proceed IFP on his one remaining claim, as the imminent danger exception "does not operate on a claim-by-claim basis." *See Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007). Therefore, the undersigned recommends that the Motion to Dismiss or in the Alternative Revoke Plaintiff's IFP Status (ECF No. 28) be denied at this time.

### III. RECOMMENDATION

Based on the above analysis, the undersigned recommends that the Defendants' Motion for Summary Judgment (ECF No. 25) be granted and Defendant Woodall's Motion to Dismiss (ECF No. 28) be denied.

### IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider

frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    **SIGNED**, this the 11th day of June, 2019.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE