IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ROGER JOHNSON § PLAINTIFF
§
§
v. § Civil No. 1:18cv222-HSO-JCG
§
§
MDOC CONTRACT MONITOR, *et al.* § DEFENDANTS

**ORDER OVERRULING PLAINTIFF'S [38] OBJECTION; ADOPTING MAGISTRATE JUDGE'S [36] REPORT AND RECOMMENDATION; GRANTING DEFENDANTS JACQUELINE BANKS AND ANDREW MILLS'S [25] MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT RONALD WOODALL'S [28] MOTION TO DISMISS OR IN THE ALTERNATIVE TO REVOKE PLAINTIFF'S IFP STATUS; AND DISMISSING CERTAIN OF PLAINTIFF'S CLAIMS WITHOUT PREJUDICE**

BEFORE THE COURT is Plaintiff Roger Johnson's Objection [38] to the Report and Recommendation [36] of United States Magistrate Judge John C. Gargiulo, entered in this case on June 11, 2019. Based upon a review of the parties' submissions, the record, and relevant legal authority, the Magistrate Judge recommended that Defendants Jacqueline Banks and Andrew Mills's Motion [25] for Summary Judgment, which was joined [29] by Defendant Ronald Woodall, be granted and that Defendant Ronald Woodall's Motion [28] to Dismiss or in the Alternative to Revoke Plaintiff's IFP Status be denied. R. & R. [36] at 10.

After thoroughly reviewing Plaintiff's Objection [38], the Magistrate Judge's Report and Recommendation [36], the record, and relevant legal authority, the Court finds that Plaintiff's Objection [38] should be overruled and that the

Magistrate Judge's Report and Recommendation [36] should be adopted. Defendants Jacqueline Banks and Andrew Mills's Motion [25] for Summary Judgment, which was joined [29] by Defendant Ronald Woodall, should be granted, and Woodall's Motion [28] to Dismiss or in the Alternative to Revoke Plaintiff's IFP Status should be denied. Plaintiff's claims concerning mental illness and asthma treatment will be dismissed without prejudice for failure to exhaust administrative remedies, while Plaintiff's claims concerning specially issued soap will proceed.

## I. BACKGROUND

A. Plaintiff's claims

On June 27, 2018,[1] Plaintiff Roger Johnson ("Plaintiff" or "Johnson"), an inmate in the custody of the Mississippi Department of Corrections ("MDOC"), filed the Complaint [1] in this case, asserting claims under 42 U.S.C. § 1983. Johnson alleges that while housed at the South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi, he was denied treatment for his medical conditions.[2] *See* Compl. [1] at 5.

Johnson alleges that he suffers from post-traumatic stress disorder, bipolar disorder, and schizophrenia, and that he needs mental health treatment that SMCI cannot or will not provide. *See id.* at 12. According to Johnson, his mental illness

---

[1] Johnson signed the Complaint on May 29, 2018, and it was docketed by the Clerk of Court on June 27, 2018. *See* Compl. [1] at 1, 11.
[2] Johnson also claims that he did not receive treatment while at the Central Mississippi Correctional Facility ("CMCF") in Pearl, Mississippi, but he has not named any defendants from CMCF. Johnson's claims in this case focus on the alleged lack of treatment while at SMCI.

causes anxiety attacks, which in turn lead to chest pains and increased asthma attacks. *Id.* at 14. Johnson asserts that he has been refused prescribed breathing treatments, forcing him to depend more upon asthma inhalers, and that he is only issued an asthma inhaler once every six months, even though his inhalers last one to two months. *Id.* Finally, Johnson claims that he is allergic to the state-provided soap and should receive special soap once a week, but only receives one bar every three months. *Id.* at 16. Johnson maintains that the lack of specially issued soap has caused his skin to break out. *Id.*

B. Johnson's IFP Status

Even though Johnson acknowledges that he has had three qualifying dismissals, commonly known as three-strikes under the Prison Litigation Reform Act, *see* Compl. [1] at 18, he sought leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(g), *see* Mot. [2] at 1-2, on grounds that he was "under imminent danger of serious physical injury," 28 U.S.C. § 1915(g). Because the Court could not definitively state that Johnson did not qualify for this exception, it granted Johnson's request to proceed IFP. *See* Order [6] at 2-3.

C. Defendants' Motion [25] for Summary Judgment

On February 14, 2019, Defendants Jacqueline Banks and Andrew Mills filed a Motion [25] for Summary Judgment, arguing that Johnson's claims should be dismissed for failure to exhaust administrative remedies. *See* Mot. [25] at 1-2.[3]

---

[3] In their Reply [33], Defendants appear to concede that Plaintiff successfully completed the ARP process prior to filing suit as to his claim that he was not provided special soap. *See* Reply [33] at 2 (requesting summary judgment be granted as to the

3

Defendant Dr. Ronald Woodall joined Defendants' Motion [25] for Summary Judgment. *See* Joinder [29] at 1.

Defendants have presented evidence that Johnson filed a grievance under the MDOC's two-step Administrative Remedy Program ("ARP") on May 2, 2018. This grievance raised some of the allegations that form the basis of the Complaint, including Johnson's need for mental health treatment and his anxiety attacks which cause him chest pains and asthma attacks. *See* ARP [25-1] at 3. After Johnson received the first step response Form on July 21, 2018, he was not satisfied with the response and wished to proceed to step two. *See* First Step Resp. [25-1] at 7. However, by then Johnson had already filed this lawsuit. According to the October 30, 2018, Affidavit of Joseph Cooley, Johnson's second step response was sent for delivery to Johnson on October 3, 2018, and as of October 30, 2018, the signed receipt had not yet been returned to the ARP. *See* Aff. of Joseph Cooley [25-1] at 10.

D. <u>Woodall's Motion [28] to Dismiss or in the Alternative to Revoke Johnson's IFP Status</u>

On February 15, 2019, Defendant Woodall filed a Motion [28] to Dismiss or in the Alternative to Revoke Plaintiff's IFP Status. *See* Mot. [28] at 1-4. Woodall argues that Johnson's Complaint fails to meet the "imminent harm" standard set

---

claims "due to Plaintiff's failure to exhaust his available administrative remedies prior to filing suit in this matter, save any claim Plaintiff may have regarding being provided Dial soap in lieu of state issued soap"); *see also* R.&R. [36] at 7 ("Defendants concede that [Johnson] did exhaust his claim for specially issued soap.").

4

forth in 28 U.S.C. § 1915(g). *Id.* at 3. Because Johnson received three strikes under the PLRA prior to filing the present action, Woodall argues that Johnson's claims should be dismissed, or in the alternative, Johnson should be required to pay the necessary filing fees before being allowed to pursue his claims in this case. *Id.*

E.    The Magistrate Judge's Report and Recommendation [36]

The Magistrate Judge entered a Report and Recommendation [36] on June 11, 2019. The Magistrate Judge determined that Johnson had not properly exhausted his administrative remedies concerning his mental illness or asthma treatment claims and recommended that Defendants' Motion [25] for Summary Judgment be granted and that those claims be dismissed. *See* R. & R. [36] at 8. The Magistrate Judge further recommended that Defendant Woodall's Motion [28] to Dismiss or in the Alternative to Revoke Plaintiff's IFP Status be denied. *See id.* at 10.

## II.    DISCUSSION

A.    Standard of review

Because Johnson has submitted a written Objection [38] to the Magistrate Judge's Report and Recommendation [36], the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). In conducting a de novo review, the Court is not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

5

B. Defendants' Motion [25] for Summary Judgment

Defendants Banks, Mills, and Woodall seek summary judgment based upon Plaintiff's alleged failure to exhaust administrative remedies. Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Because failure to exhaust is an affirmative defense, a defendant has the burden of demonstrating that a plaintiff failed to exhaust administrative remedies. *See Wilson v. Epps*, 776 F.3d 296, 299 (5th Cir. 2015) (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)). "At the summary-judgment stage, this means that the defendants must establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in their favor." *Id.* (quotation omitted).

1. The PLRA's exhaustion requirement

"Before bringing suit, the Prison Litigation Reform Act ('PLRA') requires that a prisoner exhaust all available administrative remedies." *Butts v. Martin*, 877 F.3d 571, 582 (5th Cir. 2017) (citing 42 U.S.C. § 1997e(a)). According to the PLRA,

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The PLRA mandates proper exhaustion, meaning that "prisoners must

6

complete the administrative review process in accordance with the applicable procedural rules—rules that are defined not by the PLRA, but by the prison grievance process itself." *Butts*, 877 F.3d at 582 (quoting *Jones*, 549 U.S. at 218). Therefore, "[e]xhaustion is defined by the prison's grievance procedures, and courts neither may add to nor subtract from them." *Cowart v. Erwin*, 837 F.3d 444, 452 (5th Cir. 2016) (emphasis removed).

The United States Court of Appeals for the Fifth Circuit takes a strict approach to the exhaustion requirement, meaning that "mere 'substantial compliance' with administrative remedy procedures does not satisfy exhaustion." *Butts*, 877 F.3d at 582 (quoting *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010)). In order to properly exhaust, a petitioner must have "pursued the grievance remedy to conclusion—substantial compliance with administrative procedures is not enough." *Bargher v. White*, 928 F.3d 439, 447 (5th Cir. 2019), *as revised* (July 2, 2019) (quotation omitted).

The mandatory exhaustion language contained in the PLRA "means a court may not excuse a failure to exhaust, even to take [any special] circumstances into account." *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016). However, the exhaustion requirement "hinges on the availability of administrative remedies." *Id.* at 1858. Therefore, "an inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* at 1859.

According to the United States Supreme Court, there are three circumstances

7

under which "an administrative remedy, although officially on the books, is not capable of use to obtain relief": (1) when an administrative procedure operates as a "simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) when an administrative scheme is "so opaque that it becomes, practically speaking, incapable of use," such that no ordinary prisoner can discern or navigate the mechanism that exists; and (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859-60.

The MDOC has established a two-step Administrative Remedy Program ("ARP") through which an inmate may seek formal review of a complaint or grievance relating to his incarceration. *See Jackson v. Hall*, 763 F. App'x 376, 377 (5th Cir. 2019); *Wheater v. Shaw*, 719 F. App'x 367, 369-70 (5th Cir. 2018); *see also* MDOC Grievance Procedures [39-2] at 2-9.

> The MDOC ARP is a two-step process set forth in the Inmate Handbook. An inmate must file a grievance within 30 days of the complained-of incident. The grievance is reviewed by the prison's legal-claims adjudicator and, if there is an adverse response at the first step, the inmate may appeal to step two. If the inmate disagrees with the step-two response, he may sue.

*Wheater*, 719 F. App'x at 369-70 (citations omitted).

Finally, a court has "no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

8

2.  Exhaustion of Johnson's claims

Based upon a thorough review of the competent summary judgment evidence, the Court agrees with the Magistrate Judge that Johnson did not properly exhaust his claims concerning mental illness and asthma treatment before he initiated this lawsuit.

In objecting to the Report and Recommendation, Plaintiff complains that "[t]he Standard Operating Procedures do not give any instructions if an inmate does not receive any response." Pl.'s Aff. [39] at 3. This allegation is plainly belied by the MDOC Grievance Procedures Plaintiff submitted with his Objection. *See* MDOC Grievance Procedures [39-2] at 2-9. According to those Procedures, the first step has a 40-day time limit, while the second step has a 45-day time limit, with some extensions permitted. *See id.* at 5-6. "Absent such an extension, expiration of response time limits will entitle the offender to move on to the next Step in the process." *Id.* at 6. However, "under both the particular grievance process at issue here and the settled law of [the Fifth Circuit], a prison's failure to respond at preliminary steps in its grievance process does not relieve a prisoner of the duty to complete the remaining steps." *Wilson*, 776 F.3d at 298.

Johnson claims that he filed various ARPs from August through December 2017, and that from October 2017 until February 2018, he filed multiple ARPs about the lack of medical treatment and about the fact that Woodall allegedly harassed him. *See* Pl.'s Br. [40] at 1-2. According to Johnson, he never received any response to any of these ARPs. *See id.* at 1. Johnson states he signed his

9

Complaint in this case on May 29, 2018. *See id.*

There is no indication that Johnson moved on to step two when the response time limit for step one expired, and a prison's failure to respond at step one does not relieve an inmate of the necessity of proceeding to step two. *See Wilson*, 776 F.3d at 298. The Fifth Circuit has explained that "it is only if the prison fails to respond at the *last* step of the grievance process that the prisoner becomes entitled to sue, because then there is no next step (save filing a lawsuit) to which the prisoner can advance." *Id.* at 301 (emphasis in original). Even assuming Johnson filed all of the grievances that he claims he filed, and even assuming that he received no response at the first step, there is no indication in the record that Johnson ever attempted to "move on to the next Step in the process" upon expiration of any response time limits. *See* MDOC Grievance Procedures [39-2] at 6.

While Johnson did file a grievance requesting a transfer to EMCF, he did not receive his first step response until July 21, 2018, after he had already filed his Complaint in this case. *See* Aff. of Joseph Cooley [25-1] at 10. Johnson's ARP was dated May 2, 2018, *see* ARP [25-1] at 3, which was only about 28 days prior to Johnson signing the Complaint [1], *see* Compl. [1] at 19. In sum, Defendants have presented competent summary judgment evidence that Johnson did not fully exhaust his administrative remedies as to that claim.

Johnson asserts that administrative remedies were unavailable to him by generally alleging that "Dr. Woodall was interfering with [Johnson] exhausting [his] remedies." *See* Pl.'s Aff. [39] at 2-3; *see also* Pl.'s Br. [40] at 3-4 (arguing that a

10

remedy becomes unavailable if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent exhaustion). Johnson has submitted no competent summary judgment evidence to show that any of the three circumstances described by the Supreme Court are present in this case to the degree that "an administrative remedy, although officially on the books, is not capable of use to obtain relief." *Ross*, 136 S. Ct. at 1859.

Moreover, Johnson has offered no specifics as to how Woodall allegedly interfered with the ARP process. As the Court has explained, even if Johnson did not receive a response to any particular grievance, he was not bereft of a remedy under the MDOC's grievance process. *See Wilson*, 776 F.3d at 298.

In sum, Defendants have demonstrated that Johnson failed to fully exhaust his claims related to mental illness and asthma treatment before filing the present lawsuit. Defendants' Motion [25] for Summary Judgment based upon Johnson's failure to exhaust administrative remedies will be granted as to his claims concerning mental illness and asthma treatment, and those claims will be dismissed without prejudice for failure to exhaust administrative remedies. Johnson's remaining claim related to specially issued soap will proceed.

3. <u>Rule 56(d) Request</u>

In objecting to the Magistrate Judge's Report and Recommendation, Johnson states that he "requests discovery and an evidentiary hearing to prove facts of his allegations." Pl.'s Br. [40] at 8. To the extent this constitutes a request for relief under Federal Rule of Civil Procedure 56(d), the Court finds that such relief is not

11

warranted.

> Rule 56(d) provides that
>
> [i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). Although the Fifth Circuit has recognized that a nonmovant's failure to tailor a request for additional discovery to fit the Rule's "precise measurements" does not necessarily foreclose a court's consideration of the request, "the nonmovant must nevertheless request a continuance for additional discovery to obtain it." *Meadows v. Latshaw Drilling Co., L.L.C.*, 866 F.3d 307, 313–14 (5th Cir. 2017) (quotation omitted). "Indeed, the nonmovant must indicate to the court by some statement, preferably in writing, why he needs additional discovery and how the additional discovery will create a genuine issue of material fact." *Id.* at 314 (quotation omitted).

While Johnson filed Affidavits [31], [39] opposing the Motion for Summary Judgment and objecting to the Report and Recommendation, he has not set forth any specific facts in those filings to suggest what additional discovery he needs, or how such discovery would have enabled him to locate information that would have successfully rebutted Defendants' Motion for Summary Judgment on the issue of failure to exhaust. Any request by Johnson for relief under Rule 56(d) is not well taken and should be denied.

C. <u>Woodall's Motion [28] to Dismiss or in the Alternative to Revoke Plaintiff's IFP Status</u>

The Magistrate Judge recommended that the Motion [28] to Dismiss or in the Alternative to Revoke Plaintiff's IFP Status be denied "at this time." R.&R. [36] at 10. In Johnson's Brief [40], he argues that the Motion [28] to Dismiss or in the Alternative to Revoke Plaintiff's IFP Status should be denied with prejudice. *See* Pl.'s Br. [40] at 6-7.

It is unclear whether Johnson is objecting to the possible temporariness of the Magistrate Judge's ruling or if he simply misconstrues the Magistrate Judge's ruling on this issue. *Compare* Pl.'s Obj. [38] at 1 ("Plaintiff objects to the Report and Recommendations [sic] temporary denial of Plaintiff's IFP status," and "Plaintiff's IFP status should be continued, denying the Defendants' Motion to Revoke Plaintiff's IFP Status with Prejudice"), *with* R.&R. [36] at 10 ("the undersigned recommends that the Motion to Dismiss or in the Alternative to Revoke Plaintiff's IFP Status (ECF No. 28) be denied at this time"). Regardless, under a de novo review, the Court finds that the Report and Recommendation [36] should be adopted, and Woodall's Motion [28] to Dismiss or in the Alternative to Revoke Plaintiff's IFP Status should be denied at this time. *See, e.g.,* 28 U.S.C. § 1915(e)(2) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—(A) the allegation of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or

13

(iii) seeks monetary relief against a defendant who is immune from such relief.") (emphasis added).

III. CONCLUSION

Following a de novo review, Johnson's Objection [38] will be overruled, and the Magistrate Judge's Report and Recommendation [36] will be adopted as the finding of the Court. Defendants' Motion for Summary Judgment will be granted, and Defendant Woodall's Motion [28] to Dismiss or in the Alternative to Revoke Plaintiff's IFP Status will be denied. Johnson's claims regarding denial of mental illness and asthma treatments will be dismissed without prejudice for failure to exhaust administrative remedies. Johnson's remaining claim regarding specially issued soap will proceed.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Roger Johnson's Objection [38] to the Report and Recommendation [36] of United States Magistrate Judge John C. Gargiulo is **OVERRULED**, and the Report and Recommendation [36] is **ADOPTED** as the finding of the Court, subject to the additional findings made herein.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendants Jacqueline Banks and Andrew Mills's Motion [25] for Summary Judgment, which was joined [29] by Defendant Ronald Woodall, is **GRANTED**, and Defendant Ronald Woodall's Motion [28] to Dismiss or in the Alternative to Revoke Plaintiff's IFP Status is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Roger

14

Johnson's claims regarding denial of mental illness treatment and asthma treatment are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. Plaintiff Roger Johnson's remaining claim regarding specially issued soap will proceed.

**SO ORDERED AND ADJUDGED**, this the 6th day of September, 2019.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE